353 N. CLARK STREET CHICAGO, IL 60654-3456

JENNER&BLOCK LLP

March 18, 2021

Gabriel K. Gillett
Tel +1 312 840 7220
ggillett@jenner.com

Michael E. Gans
Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: *Oral Surgeons, P.C. v. The Cincinnati Ins. Co.* ("Cincinnati"), No 20-3211
Response to Fed. R. App. P. 28(j) Supplemental Authority Letter
Oral argument scheduled for April 14, 2021

Dear Mr. Gans:

Pursuant to Rule 28(j), *amicus* Restaurant Law Center responds to Cincinnati's letter citing three trial-court decisions from Iowa, Minnesota, and Missouri. None binds this court and each is being appealed. They are thus no basis for affirmance.

More importantly, Cincinnati's letter ignores recent opinions finding policyholders adequately alleged executive orders caused "physical loss or damage." These decisions—which involve policy-interpretation principles like Iowa's, and policy language and allegations similar to those here—show courts disagree about whether such allegations state a claim and thus that pleading-stage dismissal is inappropriate.

- *Henderson Road Restaurant Systems, Inc. v. Zurich American Insurance Co.*, 2021 WL 168422, *10 (N.D. Ohio Jan. 19, 2021): executive orders caused "physical loss" because "properties could no longer be used for their intended purposes—as dine-in restaurants."

- *Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 7249624, *6-10 (E.D. Va. Dec. 9, 2020): "if Defendants wanted to limit liability of 'direct physical loss' to strictly require structural damage to property, then Defendants, as the drafters of the policy, were required to do so explicitly."

CHICAGO   LONDON   LOS ANGELES   NEW YORK   WASHINGTON, DC          WWW.JENNER.COM

Appellate Case: 20-3211     Page: 1     Date Filed: 03/18/2021 Entry ID: 5016317

- *In re Society Insurance Co.*, MDL 2964, 2021 WL 679109, *8-10 (N.D. Ill. Feb. 22, 2021): "a reasonable jury can find that the Plaintiffs did suffer a direct 'physical' loss of property" because "shutdown orders do impose a physical limit: the restaurants are limited from using much of their physical space."

- *Derek Scott Williams PLLC v. Cincinnati Ins. Co.*, 2021 WL 767617, *4 (N.D. Ill. Feb. 28, 2021): "a reasonable factfinder could find that the term 'physical loss' is broad enough to cover … a deprivation of the use of its business premises."

These decisions reinforce the core points in the Law Center's brief. Restaurateurs should not have to hire lawyers to understand the plain language of their policies. Br. 17-21. Settled policy-interpretation principles give effect to all words, ascribe ordinary meaning to undefined terms, and construe ambiguities in favor of reasonable policyholders' expectations. *Id.* 16-21. Consistent with these rules—and longstanding precedent—restaurants adequately allege executive orders caused "physical loss" by dispossessing them of property and rendering their property nonfunctional. *Id.* 16-27.

        Sincerely,

        /s/ *Gabriel K. Gillett*
        Gabriel K. Gillett

cc: Counsel of record (via ECF)

## CERTIFICATE OF SERVICE

    I, Gabriel K. Gillett, an attorney, hereby certify that on March 18, 2021, I caused the foregoing **Rule 28(j) Letter** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                   /s/ *Gabriel K. Gillett*
                                                     Gabriel K. Gillett

CHICAGO  LONDON  LOS ANGELES  NEW YORK  WASHINGTON, DC        WWW.JENNER.COM

Appellate Case: 20-3211    Page: 3    Date Filed: 03/18/2021 Entry ID: 5016317